## THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMSON LAWRENCE,<br>3811 St. Barnabas Road<br>#201<br>Suitland MD 20746<br><br>            Plaintiff,<br>     v.<br><br>PETER NEWSHAM, Chief of Police<br>Washington, DC 20001<br><br>and<br><br>District of Columbia<br>Executive Office of the Mayor<br>1350 Pennsylvania Avenue, NW<br>Suite 316<br>Washington, DC 20004<br><br>            **Defendants.** | Case No. _____ |

## COMPLAINT

### I.    PRELIMINARY STATEMENT

This action arises from the wrongful termination of Plaintiff's employment as a District of Columbia Metropolitan Police Officer of the Metropolitan Police Department (MPD). MPD not only exceeded the statutory 90 Day time limit for commencing adverse action against Plaintiff, it also unlawfully discriminated against Plaintiff because of his race (black) when MPD retained Plaintiff's white counterpart who was convicted in the Superior Court of the District of Columbia for similar behavior that Plaintiff was alleged to have engaged, notwithstanding, Plaintiff was acquitted and yet later terminated.

1

## II.   JURISDICTION

This Court has jurisdiction over this matter based on Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, et seq. [Race.] 28 U.SC. §1343), and the Court's Supplemental Jurisdiction, Notice of Suit Rights letter from EEOC that is dated December 14, 2017, and received on or about December 17, 2017. **(See Attachment 1.)**

## III.   PARTIES

1. Plaintiff

Samson Lawrence is a former police officer of the District of Columbia Metropolitan Police Department.

2. Defendants

A.   PETER NEWSHAM, is Chief of Police/Chief Executive Officer of the District of Columbia Metropolitan Police Department, and is joined herein in his official capacity, only, in order to ensure full equitable relief.

B.   The DISTRICT OF COLUBIA is the sovereign power for the District of Columbia Government and a suit against the District of Columbia Metropolitan Police Department and/or its executive officers in their official capacities is a suit against the District of Columbia.

## IV. **AVERMENTS**

3. On 11/25/13, Employee, Sampson Lawrence (hereinafter "Mr. Lawrence" or "Plaintiff"), was arrested and criminally charged by Maryland authorities due to a reported domestic dispute on 11/24/13 between Employee and his then wife, Betty Lawrence.

4. Due to the District of Columbia Metropolitan Police Department's (hereinafter "Agency" or "MPD") personnel charges on the basis of the above arrest that terminated Mr. Lawrence's employment, an appeal to the District of Columbia's Office of Employee Appeals followed.

5. Employee's 11/25/13 arrest by Maryland authorities due to above reported domestic dispute between Plaintiff and his then wife, also led to the Metropolitan Police Department placing Employee in a non-contact status as Employee on the basis of the reported dispute.

6. On the basis of the Maryland arrest and charges, Plaintiff, as a sworn police office, was required by MPD to surrender his MPD weapon, ammunition and badge, whereupon his police powers were revoked.

7. On December 19, 2013, as a result of the above reported dispute, a Maryland grand jury indicted Plaintiff on the following charges: (I) Attempted First Degree Murder, Attempted Second Degree Murder, First Degree Assault, Second Degree Assault and two counts Carrying a Weapon with the Intent to Injure.

8. A jury trial was scheduled and conducted on July 11, 2014, for the charges in the indictment. At trial, the jury following deliberations was unable to reach a verdict, and the judge in the case declared a mistrial on July 25, 2014, whereupon a new trial was scheduled.

9. A second trial commenced on the charges in the indictment on May 4, 2015, the jury deliberated on May 7, 2016, and returned not guilty verdicts on all charges in the indictment

10. Within one week following the jury issuing not guilty verdicts on all of the charges in the indictment, MPD returned Employee to work and fully restored Employee to his position as a MPD officer. On January 7, 2016, after being fully restored to his position of employment as a MPD police officer, Employee was served an Amended Notice of Proposed Adverse Action, seeking to terminate him from his position of employment as a MPD police officer for conduct that was the basis of the criminal indictment and for which he had been acquitted

11. Plaintiff had previously requested an evidentiary hearing on the original Notice of Proposed Adverse Action that had been served on April 4, 2014.

12. Following Plaintiff's acquittal and reinstatement in May, 2015, Plaintiff thereafter was served by MPD an Amended Notice of Proposed adverse Action for Removal on January 16, 2016 on the basis of behavior alleged in the Maryland indictment.

13. Before Plaintiff's May, 4, 2015 second criminal trial, the District of Columbia Statute governing adverse action proceedings against police officers was amended to require that the 90 day period for commencing adverse action against MPD officer be tolled until criminal proceedings in jurisdictions in addition to DC be tolled until said criminal proceedings were concluded. The relevant statute provides, in pertinent part:

> D.C. Code § 5-1031 Corrective or Adverse Action
>
> (a) Except as provided in subsection (b) of this section, no corrective or adverse action against any sworn member or civilian employee of the Fire and Emergency

4

> Medical Services Department shall be commenced more than 90 days, not including Saturdays, Sundays, or legal holidays, after the date that the Fire and Emergency Medical Services Department knew or should have known of the act or occurrence allegedly constituting cause.
>
> (a-1)(1) Except as provided in subsection (b) of this section, no corrective or adverse action against any sworn member or civilian employee of the Metropolitan Police Department shall be commenced more than 90 days, not including Saturdays, Sundays, or legal holidays, after the date that the Metropolitan Police Department had notice of the act or occurrence allegedly constituting cause.
>
> (2) For the purposes of paragraph (1) of this subsection, the Metropolitan Police Department has notice of the act or occurrence allegedly constituting cause on the date that the Metropolitan Police Department generates an internal investigation system tracking number for the act or occurrence.
>
> (b) If the act or occurrence allegedly constituting cause is the subject of a criminal investigation by the Metropolitan Police Department **or any law enforcement agency with jurisdiction within the United States**... **the 90-day period** for commencing a corrective or adverse action under subsection (a) or **(a-1)** of this section **shall be tolled until the conclusion of the investigation.**
>
> Source: D.C. Code § 5-1031

14. After convening an evidentiary hearing on April 7, 2016 and continuing the same on April 20, 2016, the three member panel issued a recommended decision terminating Employee's employment as a MPD officer on June 10, 2016.

15. On June 24, 2016, Plaintiff appealed the recommended decision to the MPD Chief of Police, and on July 18, 2016, the MPD Chief of Police issued a decision that confirmed the three member panel's recommended decision to terminate Employee's employment as a MPD officer, effective August, 2016.

## V.  CLAIMS

### Count I

42 U.S.C. § 1983 and D.C. Code § 5-1031 (Corrective or Adverse Action)

Incorporating the foregoing paragraphs 1 - 13 by reference, as if fully stated herein, Plaintiff alleges and re-alleges:

16. The Defendant District of Columbia willfully failed to timely commence adverse action against Plaintiff in accordance with D.C. Code § 5-1031 by commencing said adverse action beyond the statutory 90 Day proscription and its 90 Day grace period in violation of Plaintiff's right under the D.C. statute and Plaintiff right to Due Process of Law as provided by the Fifth Amendment to the U.S. Constitution.

WHEREFORE, the foregoing premises considered, Plaintiff is entitled to judgment granting him back pay, damages, reinstatement to his position of employment as a MPD police office, reasonable attorney fees and costs, and, such other relief the Court deems appropriate.

### Count II

(U.S.C. § 2000e, et seq.; 29 U.S. Code § 623(a)(1)

Incorporating the foregoing paragraphs 1- 13 by reference, as if fully stated herein, Plaintiff alleges and re-alleges:

17. Defendant District of Columbia willfully failed to properly apply the mandatory Douglas factors in a non-discriminatory manner which resulted in disparate treatment of Plaintiff

in comparison to a Plaintiff's racial counterpart who engaged in similar behavior as Plaintiff was alleged to have engaged in and was convicted of said behavior in the Superior Court of the District of Columbia.

18. Plaintiff is an African American male, and his counterpart is a white male, who was retained in his position, notwithstanding, he was convicted for his criminal behavior.

WHEREFORE, the foregoing premises considered, Plaintiff is entitled to judgement for unlawful employment discrimination in violation of Title VII of the 1964 Civil Rights Act, as amended, and injunctive relief directing Defendants' to reinstate Plaintiff to his position of employment, reinstatement to his position of employment as a MPD police officer with back pay, reasonable attorney fees and costs, and, such other relief the Court deems appropriate.

## VI. JURY TRIAL

Plaintiff requests a jury trial on all counts.

Respectfully submitted,
FOR THE PLAINTIFF,

*Dalton Howard*

Dalton Howard (D.C. Bar NO. 213587)
Brooks and Howard
6701 16th Street NW Washington, DC 20012
(202) 723-4602 Telephone
(202) 723-7103 Fax


*[signature]*
_____

JOHNNIE A. LANDON {North Dakota Bar
3412; Shall apply to be admitted *Pro hoc
vice)*

Johnnie Landon, Esquire[1]
4401-A Connecticut Avenue NW #286
Washington, D.C. 20008 Mailing Address, Only
Email: jlandonesq@gmail.com
Facsimile: {202) 318-6478
Cell Telephone: { 202) 210-4423

*[signature]*
_____

Maurice Foster Esq.[2]
P.O. Box 2144
Upper Marlboro, MD 20773
Email: mfosterdc@gmail.com
(202) 531-1976

---

[1] Engaged in federal practice solely (federal agencies, and federal courts), excepting occasional local practice as permitted by Rule 49(c) of the D.C. Court of Appeals. Admitted in North Dakota only; not admitted to D.C. local courts.

[2] Admitted to Practice in Pennsylvania. Engaged in practice in Pennsylvania, federal courts, and agencies, except local practice only when permitted pursuant by Rule 49(c) of the D.C. Court of Appeals. Not admitted to D. C. local courts.

8

Attachment #1

Case 1:18-cv-00595   Document 1   Filed 03/16/18   Page 9 of 11

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**     **RECEIVED** 12-18-17

## DISMISSAL AND NOTICE OF RIGHTS

To: **Samson Lawrence**
3811 St. Barnabus Road
#201
Suitland, MD 20746

From: **Washington Field Office**
131 M Street, N.E.
Suite 4NW02F
Washington, DC 20507

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 570-2017-01556 | **Monica R. Colunga,** Enforcement Supervisor | (202) 419-0711 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X]   Other (*briefly state*)    **CP failed to establish creditbility based on severity of his indictment**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Mindy E. Weinstein,*
*Acting Director*

DEC 1 4 2017
(Date Mailed)

Enclosures(s)

cc: **Rosemarie Lucero**
EEO Investigator / EEO Counselor
DC METROPOLITAN POLICE DEPARTMENT
6 DC Village Lane, SW
Suite A - 111
Washington, DC 20032

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*